**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>JACQUELYN CALLANEN in her official capacity as Bexar County Election Administrator; PETER SAKAI, in his official capacity as Bexar County Judge; REBECA CLAY-FLORES, in her official capacity as Bexar County Commissioner; JUSTIN RODRIGUEZ, in his official capacity as Bexar County Commissioner; GRANT MOODY, in his official capacity as Bexar County Commissioner; TOMMY CALVERT, in his official capacity as Bexar County Commissioner.<br><br>*Defendant.* | Case No. 5:24-cv-1043 |

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO REMAND

On this day came to be considered Plaintiff, the State of Texas's Emergency Motion to Remand. After due consideration, this Court finds that Defendants' removal of this action to federal court was improper. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). Plaintiff's state court petition did not implicate a federal question, and therefore Defendants were not entitled to removal. *Id*. This Court therefore lacks jurisdiction over Plaintiff's claims. This Court also finds that Defendants lacked an objectively reasonable basis for seeking removal, and that in seeking

1

removal, Defendants sought to delay resolution of Plaintiff's state law claims. *Martin v. Franklin Cap. Corp.*, 126 S. Ct. 704, 711 (2005).

It is therefore **ORDERED** that Plaintiff's Emergency Motion to Remand is **GRANTED**. It is further **ORDERED** that this case be remanded to the appropriate state court for resolution. It is further **ORDERED** Defendants be assessed attorneys' fees and costs in relation to this removal pursuant to 28 U.S.C. § 1447(c).

SIGNED on this the _____ day of September, 2024.

_____
**PRESIDING JUDGE**